IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

    Plaintiff,

v.                                                      No. 1:25-cv-00406-JCH-KK

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

    Plaintiff asserted a fraud claim against Defendant.  *See* Complaint for Fraud, Doc. 1, filed April 29, 2025.  The only factual allegations in the Complaint state Plaintiff is the "record Owner of subject property" and "Defendant resorted to some deceitful or willful device with the intent to deprive Plaintiff of his right to property via "*second foreclosure*", despite prior dismissal per expiration of 6 year statute of limitations)."  Complaint at 2 (emphasis in original).  Plaintiff attached a "Request for Hearing" apparently filed by Defendant's attorney in *U.S. Bank National Association v. Alma A. Saul et al.*, No. D-202-CV-2023-05192.  In another case currently pending in this Court, United States Magistrate Judge Jennifer M. Rozzoni stated that the state court granted summary judgment in favor of U.S. Bank National on Alma Saul's counterclaim in the "Second Foreclosure" case.  *See* Proposed Findings and Recommended Disposition at 6, Doc. 32, filed April 21, 2025, in *Alma A. Saul v. U.S. Bank National Association*, No. 1:24-cv-01082-MIS-JMR ("*Alma A. Saul*").  The "Second Foreclosure" referenced in *Alma A Saul* is the same case referenced in the Request for Hearing attached to Plaintiff's Complaint in this case.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff that it appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine[1] and/or the *Rooker-Feldman* doctrine[2] due to the proceedings in state court. *See* Order to Show Cause, Doc. 5, filed May 27, 2025 (also notifying Plaintiff that (i) it appears that this case may be duplicative of *Alma A. Saul v. U.S. Bank National Association*, No. 1:24-cv-01082-MIS-JMR, which is currently pending in this Court; and (ii) the Complaint fails to state a claim for fraud). Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss this case for lack

---

[1] The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

[2] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, Rooker-Feldman deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

of jurisdiction pursuant to the *Younger* and/or *Rooker-Feldman* and to file an amended complaint. *See* Order to Show Cause at 5, 7 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the June 17, 2025, deadline.

The Court concludes it does not have jurisdiction over this case. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). It appears the Court lacks jurisdiction over this matter pursuant to *Younger* and/or *Rooker-Feldman* due to the proceedings in state court and Plaintiff has not shown otherwise.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE